UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PEARL RECORDS, INC, ) | |
| HORSE OF TROY PRODUCTIONS, ) | |
| INC., AND MELCHER MEDIA, INC. ) | |
| ) | |
| Plaintiffs, ) | Case No. _____ |
| ) | |
| v. ) | JUDGE _____ |
| ) | |
| CRAIG CONNER ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiffs Pearl Records, Inc., Horse of Troy Productions, Inc., and Melcher Media, Inc. file this cause of action for declaratory judgment against Defendant Craig Conner and state as follows:

## INTRODUCTION

1. This dispute arises out of the authorship and ownership rights of a photograph depicted in *Garth Brooks The Anthology Part I, The First Five Years* ("*The Anthology*"), which was published on November 14, 2017, and registered with the U.S. Copyright Office bearing Registration No. TX0008581968 on January 25, 2018. *The Anthology* is a 240-page memoir, written by legendary country artist Garth Brooks, filled with personal stories and photographs of the first five years of his career. It includes five albums consisting of previously released tracks, along with 19 new tracks. Importantly, *The Anthology* contains photographs and artifacts from Mr. Brooks' early days that were never-before available to the public and which provide an inside look into the making of Mr. Brooks' extraordinary career. The photograph at issue is an image of Mr. Brooks and his sister and former bandmember, Betsy Smittle, playing at a concert, which

appears on page 175 of *The Anthology* (the "photograph at issue"). Photographs utilized in *The Anthology* included those which were property of Pearl Records, obtained through use licenses and family photographs. Pearl Records owns the physical 4x6 photograph at issue, and at all time material hereto, it was maintained with family photographs stored in Pearl Records' archive vault. Recently, however, Plaintiffs have been informed that Defendant Craig Conner is claiming to be the owner and copyright holder of the photograph at issue. A declaratory judgment is necessary to determine the ownership and authorship rights of the photo.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Pearl Records, Inc. ("Pearl Records") is a Tennessee corporation with a principal place of business in Nashville, Tennessee.

3. Plaintiff Horse of Troy Productions, Inc. ("Horse of Troy") is a Tennessee corporation with a principal place of business in Nashville, Tennessee.

4. Plaintiff Melcher Media, Inc. ("Melcher Media") is a New York corporation with a principal place of business in New York, New York.

5. Defendant Craig Conner ("Conner") is a resident of Texas and may be served with process at 4838 Mount Vernon Road, Brenham, Texas 77833.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) because this case arises under the Copyright Act.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTS

8. On May 31, 2017, Pearl Records and Melcher Media entered into a Creative Services Agreement for the creation of *The Anthology*.

9. Under the terms of the Creative Services Agreement, Pearl Records agreed to provide all images from Pearl Records' archives, including existing photography images, artwork, sheet music, lyrics, etc., and clear them for use in *The Anthology* to be produced by Melcher Media.

10. Pearl Records further warranted under the Creative Services Agreement that it is solely liable for The Anthology's content and that it conducted its due diligence and owns or controls all rights and licenses conveyed in *The Anthology*.

11. Pearl Records and Melcher Media each agreed to indemnify each other in the event any claim is brought in connection with their respective contributions to *The Anthology*.

12. Importantly, Pearl Records expressly complied with its obligations under the Creative Services Agreement and made payments and obtained use agreements relative to 68 third-party photographs utilized in *The Anthology* and credited the authors for their work.

13. The Anthology was thereafter published on November 14, 2017.

14. Pearl Records formally registered *The Anthology* with the United States Copyright Office on January 25, 2018, which was assigned Copyright Registration No. TX0008581968. The foregoing registration identifies Pearl Records as the author and describes the pre-existing materials contained within the text work as photographs, lyrics, and sheet music.

15. On November 30, 2021, Plaintiffs received a demand for copyright infringement asserted on behalf of Conner, claiming that his work depicting Garth Brooks on stage with his sister appears on page 175 of *The Anthology*, and on a portion of a "DVD" that accompanies the book.

16. Upon information and belief, the "DVD" Conner refers to is a promotional video prepared by Horse of Troy because no DVDs were included as part of *The Anthology*.

17. In support of his position, Conner alleges that the image is his copyrighted work, protected by Copyright Registration No. VAu 1-439-105 and entitled "G.B. San Antonio 1991."

18. Mr. Conner registered this copyright on July 19, 2021 — nearly four years after the release of *The Anthology*.

19. At all times material hereto, Plaintiffs believed that the photograph at issue was the personal property of Pearl Records, which is maintained in original 4x6 hard copy form in Pearl Records' storage vault in Nashville, Tennessee. Plaintiffs believe that the photograph was taken by a deceased family member of Mr. Brooks and kept with other family photographs.

20. Even assuming Conner is the author of the photograph at issue, it was given to Pearl Records in original print and was not obtained in violation of Conner's rights.

21. A dispute exists as to the true owner and author of the photograph at issue and whether any nominal damages are owed for the use of the photograph at issue in *The Anthology*.

## COUNT I
## DECLARATORY JUDGMENT

22. The allegations of Paragraphs 1 through 21 of this Complaint are incorporated by reference as if fully set forth herein.

23. The claims herein are premised upon authorship of a copyrighted work, which arises under the Copyright Act, 17 U.S.C. § 101 *et seq*.

24. Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a declaratory judgment that Pearl Records is the rightful owner of the photograph at issue and Plaintiffs have not infringed on Conner's copyright because Conner is not the author.

25. Plaintiffs' declaratory judgment action is properly before this Court because Conner could have filed claims against Plaintiffs that would have to be determined under the Copyright Act.

26. In the alternative, should the Court find that Conner is the photographer/author of the photograph at issue, Plaintiffs seek a declaratory judgment that Conner is not entitled to statutory damages or attorneys' fees because he registered his copyright more than three months after *The Anthology* was published per 17 U.S.C. § 412. Accordingly, if any damages are owed to Conner, they are nominal in nature.

27. Plaintiffs further seek a declaration from the Court that Conner may not use or exploit the photograph at issue because he does not have authorization or a license to use Mr. Brooks' image and likeness.

28. Issuing a declaration as to the issues in this matter would settle the current existing controversy between the parties, it would clarify the rightful owner of the photograph at issue and the author of the copyright, and there is not a better or more effective remedy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for and request that the Court grant the following relief:

1. That proper process issue and be served upon Conner, requiring him to appear and answer this Complaint;

2. Enter a declaratory judgment that Pearl Records is the lawful owner of the photograph at issue;

3. Enter a declaratory judgment that Plaintiffs have not infringed on Conner's copyrights because he is not the author of the photograph at issue;

4. In the alternative, should this Court find that Conner is the photographer/author of the photograph at issue, enter a declaratory judgment that Conner is not entitled to statutory damages or attorneys' fees and Plaintiffs are liable only for nominal use damages;

5. Enter a declaratory judgment that Conner is not authorized to use or otherwise exploit any photographs bearing the image and likeness of Mr. Brooks; and

6. Grant Plaintiffs any other and further relief as the Court deems is just and proper.

This, the 14th day of February, 2022.

Respectfully Submitted,

**NEAL & HARWELL, PLC**

By: */s/ William T. Ramsey*
William T. Ramsey (BPR #9245)
Mariam N. Stockton (BPR #29750)
Mozianio S. Reliford, III (BPR #36170)

1201 Demonbreun St., Suite 1000
Nashville, TN 37203
(615) 244-1713 (telephone)
(615) 726-0573 (fax)
wtr@nealharwell.com
mstockton@nealharwell.com
treliford@nealharwell.com

*Counsel for Plaintiffs*